NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOAQUIN CRUZ-ALVAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1955

Agency No.
A206-356-491

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Joaquin Cruz-Alvarez, a native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("the BIA") affirming the

immigration judge's ("IJ") order denying asylum, withholding of removal,

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"), and cancellation of removal under 8 U.S.C. § 1229b(b)(1). Where, as here, the BIA affirms the IJ's order and cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "review both the IJ's and the BIA's [collectively, the "agency"] decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we dismiss in part and deny in part the petition for review.

1. Mr. Cruz challenges the agency's denial of his asylum claim. To qualify for asylum, Mr. Cruz must establish that he "is unable or unwilling to return to, and is unable or unwilling to avail himself[] of the protection of, [his] country because of persecution or a well-founded fear of persecution on account of a protected ground." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (cleaned up and citations omitted). Mr. Cruz claims that he would be persecuted on account of his membership in two particular social groups: (1) the "Cruz-Mendoza/Cruz-Alvarez family," and (2) returning Mexicans who would be perceived as wealthy after a long residence in the United States. However, the agency properly found that one act of violence against his father thirty years ago is insufficient to demonstrate a nexus between the harm he fears and his membership

in his family-based particular social group, *see Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011), and that his alternative particular social group is legally incognizable, *see Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (holding that "returning Mexicans from the United States[] . . . is too broad to qualify as a cognizable social group."). Mr. Cruz also alleged fear of harm based on his purported "anti-violence" political opinion, but this claim is speculative and reflects a generalized fear of violence, which is insufficient to demonstrate eligibility for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Therefore, substantial evidence supports the agency's denial of Mr. Cruz's asylum claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. Mr. Cruz challenges the agency's denial of his withholding of removal claim. To demonstrate eligibility for withholding of removal, Mr. Cruz must show "a clear probability" that his life or freedom will be threatened if he is deported. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). "The clear probability standard is more stringent than the well-founded fear standard for asylum." *Id*. Because Mr. Cruz cannot meet his burden for asylum, he similarly cannot meet his burden for withholding of removal. *See id*.

3. Mr. Cruz challenges the agency's denial of his claim for CAT relief. To be eligible for CAT protection, Mr. Cruz must establish that "it is more likely than not" that he would be tortured if removed. 8 C.F.R. § 208.16(c)(2); *see*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). The agency rejected Mr. Cruz's CAT claim because his fear of torture was speculative, and the record evidence of general violence, crime, and corruption in Mexico did not sufficiently establish that Mr. Cruz is personally at risk of torture. Substantial evidence supports this conclusion. Mr. Cruz offers no evidence of past torture in Mexico, and "generalized evidence of violence and crime in Mexico is not particular to [Mr. Cruz] and is insufficient to meet [the CAT relief] standard." *Delgado-Ortiz*, 600 F.3d at 1152. Nor does Mr. Cruz introduce evidence that the government, or any entity with the acquiescence of the government, would torture him upon return to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Thus, substantial evidence supports the agency's denial of Mr. Cruz's CAT claim.

4. Mr. Cruz challenges the agency's denial of his cancellation of removal claim. "Cancellation of removal… is based on statutory predicates that must first be met; however, the ultimate decision whether to grant relief, regardless of eligibility, rests with the Attorney General." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003); *See* 8 U.S.C. § 1229(b)(1). The agency denied relief on two grounds: first, as a matter of discretion; and second, on the grounds that Mr. Cruz did not demonstrate his "removal would result in exceptionally and extremely unusual hardship" to his United States citizen children. 8 U.S.C. § 1229b(b)(1)(D).

We lack jurisdiction to review the discretionary determination, 8 U.S.C. § 1252(a)(2)(B)(i), and because it is dispositive of Mr. Cruz's cancellation of removal claim, we need not address the agency's hardship determination. *See Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012).

**PETITION DISMISSED IN PART AND DENIED IN PART.**